1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SAMUEL TAVAKE, et al.,                    No.  2:21-cv-01753-JAM-CKD PS

12              Plaintiffs,

13         v.                                  ORDER

14   JUANITA HUERTA, et al.,                   (ECF No. 1)

15              Defendants.

16

17         On September 27, 2021, plaintiffs filed a fee-paid complaint that also contains an ex parte

18   application for a preliminary injunction and temporary restraining order.[1]  (ECF No. 1.)  Plaintiffs

19   seek to, without prior notice, temporarily enjoin defendants "from taking any action to seize or

20   abate plaintiffs['] mobile home" pending a hearing on the matter.  (Id. at 5.)  This motion cannot

21   be considered because plaintiffs have not complied with the procedural requirements set forth in

22   Local Rule 231 and Federal Rule of Civil Procedure 65.

23         To the extent plaintiffs seek a preliminary injunction, such relief may be granted "only on

24   notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  Local Rule 231(d) requires all motions for

25   preliminary injunction to be (1) noticed for hearing on an available calendar date, and

26   (2) accompanied by "(i) briefs on all relevant legal issues to be presented by the motion,

27   ──────────────────

28   [1] Because plaintiffs are representing themselves, this action is referred to the undersigned for
     pretrial matters under 28 U.S.C. § 636 and Local Rule 302(c)(21).

                                                1

(ii) affidavits in support of the motion, including affidavits on the question of irreparable injury, and (iii) a proposed order with a provision for a bond." Plaintiffs did not notice their motion for hearing on any particular date, and there is no indication that defendants have even yet been served with the complaint or otherwise notified of this suit. Plaintiffs' motion also does not include the required brief, affidavit, or proposed order. Accordingly, plaintiffs' motion for preliminary injunction is vacated, without prejudice to renewal (in conformance with the above rules) following service of the complaint.

Assuming that plaintiffs primarily seek a temporary restraining order, their motion also does not provide the required allegations or documents for the court's consideration. "Except in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice." Local Rule 231(a) (citing Fed. R. Civ. Proc. 65(b)). Under Federal Rule 65(b), a temporary restraining order may issue without notice to the adverse party only if (A) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (B) the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Plaintiffs' complaint and motion does neither. The motion fails to allege sufficient facts to allow the court to consider the merits of plaintiffs' claim that defendants are threatening to seize their property "without due process and equal protection under the law." (ECF No. 1 at 4.) Plaintiffs' general assertions that defendants are trespassing on their property and have posted a final notice and order of abatement for one of their mobile homes do not support consideration of the request for a temporary restraining order without notice to the defendants.

Additionally, the motion is defective because plaintiffs have not provided all the necessary documents required under Local Rule 231(c), such as: a brief on all relevant legal issues, an affidavit in support of the existence of an irreparable injury, an affidavit detailing their notice efforts or showing good cause for not requiring notice, or a proposed temporary restraining order with a provision for a bond. Accordingly, plaintiffs' motion for a temporary restraining order is

2

1  vacated as well, without prejudice to renewal in a motion that conforms to the above

2  requirements.

3        Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion for temporary restraining

4  order (ECF No. 1) is VACATED.

5  Dated:  September 28, 2021

6  _____
   CAROLYN K. DELANEY

7  UNITED STATES MAGISTRATE JUDGE

8

9

10  19.tava.1753

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3